MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JOSE MARIANO VARELA-ITZMOYOTL,
*individually and on behalf of others similarly*
*situated,*

                            *Plaintiff,*

                       -against-

94 CORNER CAFE CORP. (d/b/a 94 CORNER
CAFE), MOHINDER SINGH,  ALEJANDRO
DOE, SUKHJINDER SINGH, and
BALWINDER SINGH (a.k.a ROCKY),

                      *Defendants.*
----------------------------------------------------------X

**FIRST AMENDED**
**COMPLAINT**

**1:17-cv-7620-VSB**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Jose Mariano Varela-Itzmoyotl ("Plaintiff Varela" or "Mr. Varela"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe) ("Defendant Corporation") Mohinder Singh, Alejandro Doe, Sukhjinder Singh, and Balwinder Singh (a.k.a Rocky) (collectively, "Defendants"), upon information and belief alleges as follows:

**<u>NATURE OF ACTION</u>**

       1.     Plaintiff Varela is a former employee of Defendants 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe) Mohinder Singh, Alejandro Doe, Sukhjinder Singh, and Balwinder Singh (a.k.a Rocky).

2.      94 Corner Cafe is a diner owned by Mohinder Singh, Alejandro Doe, Sukhjinder Singh, and Balwinder Singh (a.k.a Rocky), located at 2518 Broadway, New York, NY 10025.

3.      Upon information and belief, Defendants Mohinder Singh, Alejandro Doe, Sukhjinder Singh, and Balwinder Singh (a.k.a Rocky) serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the Diner.

4.      Plaintiff Varela is a former employee of Defendants.

5.      Plaintiff Varela ostensibly was employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning the bathroom, cooking bacon, refilling the refrigerator with drinks, stocking deliveries in the basement, taking out the garbage, twisting and tying up cardboard boxes and bringing up items from the basement for the kitchen staff (hereinafter "non-delivery, non-tip duties").

6.      Plaintiff Varela regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff Varela appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Varela the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

2

9. Defendants employed and accounted for Plaintiff Varela as a delivery worker in their payroll, but in actuality his duties included a significant amount of time performing the non-delivery, non-tipped duties alleged above.

10. Regardless of duties, Defendants paid Plaintiff Varela and all other delivery workers at a rate that was lower than the required tip-credit rate.

11. In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Varela's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Varela's actual duties in payroll records to avoid paying Plaintiff Varela at the minimum wage rate, and to enable them to pay Plaintiff Varela at the lower tip-credited rate (which they failed to do), by designating him as a delivery worker instead of a non-tipped employee.

13. Defendants' conduct extended beyond Plaintiff Varela to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Varela and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiff Varela now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL")

3

§§ 190 and 650, *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.    Plaintiff Varela seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Varela's state law claims is conferred by 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Varela  was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19.    Plaintiff Jose Mariano Varela-Itzmoyotl ("Plaintiff Varela") is an adult individual residing in Queens County, New York.

20.    Plaintiff Varela was employed by Defendants from approximately April 2012 until on or about May 2017.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Varela consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all times relevant to this Complaint, Defendants own, operate, and/or control a Diner located at 2518 Broadway, New York, NY 10025 under the name "94 Corner Cafe."

23.     Upon information and belief, 94 Corner Cafe Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2518 Broadway, New York, NY 10025.

24.     Defendant Mohinder Singh is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mohinder Singh is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant Mohinder Singh possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

26.     Defendant Mohinder Singh determined the wages and compensation of the employees of Defendants, including Plaintiff Varela, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.     Defendant Alejandro Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Alejandro Doe is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

5

28.    Defendant Alejandro Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

29.    Defendant Alejandro Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Varela, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

30.    Defendant Sukhjinder Singh is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Sukhjinder Singh is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

31.    Defendant Sukhjinder Singh possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

32.    Defendant Sukhjinder Singh determined the wages and compensation of the employees of Defendants, including Plaintiff Varela, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

33.    Defendant Balwinder Singh (a.k.a Rocky) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Balwinder Singh (a.k.a Rocky) is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

34.     Defendant Balwinder Singh (a.k.a Rocky) possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

35.     Defendant Balwinder Singh (a.k.a Rocky) determined the wages and compensation of the employees of Defendants, including Plaintiff Varela, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**
### *Defendants Constitute Joint Employers*

36.     Defendants operate a Diner located at 2518 Broadway, New York, NY 10025.

37.      Individual Defendants Mohinder Singh, Alejandro Doe, and Balwinder Singh (a.k.a Rocky) possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporation, and control or controlled significant functions of Defendant Corporation.

38.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

39.     Each Defendant possessed substantial control over Plaintiff Varela's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Varela, and all similarly situated individuals, referred to herein.

40.     Defendants jointly employed Plaintiff Varela, and all similarly situated individuals, and were Plaintiff Varela's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

41.     In the alternative, Defendants constituted a single employer of Plaintiff Varela and/or similarly situated individuals.

42.     Upon information and belief, individual Defendants Mohinder Singh, Alejandro Doe, Sukhjinder Singh, and Balwinder Singh (a.k.a Rocky) operate or operated Defendant Corporation as either an alter ego of themselves and/or fail or failed to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

8

(h)     other actions evincing a failure to adhere to the corporate form.

43.     At all relevant times, Defendants were Plaintiff Varela's employers within the meaning of the FLSA and NYLL.

44.     Defendants had the power to hire and fire Plaintiff Varela, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for Plaintiff Varela's services.

45.     In each year from 2012 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

46.     In addition, upon information and belief, Defendants and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that are sold in the Diner on a daily basis, such as sodas and salmon, are produced outside of the State of New York.

*Individual Plaintiff*

47.     Plaintiff Varela is a former employee of Defendants who ostensibly was employed as a delivery worker, but who spent more than 20% of his work days performing the non-delivery, non-tip duties outlined above.

48.     Plaintiff Varela seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Mariano Varela-Itzmoyotl*

49.     Plaintiff Varela was employed by Defendants from approximately April 2012 until on or about May 2017.

47.     At all relevant times, Plaintiff Varela ostensibly was employed by Defendants as a delivery worker. However, Plaintiff Varela spent at least 20% of each work day performing the non-delivery, non-tip duties outlined above.

48.     Plaintiff Varela regularly handled goods in interstate commerce, such as cooking oil and food produced outside of the State of New York.

49.      Plaintiff Varela's work duties required neither discretion nor independent judgment.

50.     Throughout his employment with Defendants, Plaintiff Varela regularly worked in excess of 40 hours per week.

51.     From approximately April 2012 until on or about May 2017, Plaintiff Varela worked from approximately 5:00 a.m. until on or about 4:20 p.m. Fridays through Wednesdays (typically 68 hours per week).

52.     For a period of one week in May 2017, Plaintiff Varela worked from approximately 5:00 a.m. until on or about 1:30 p.m. six days a week (approximately 51 hours).

53.     Throughout his entire employment period, Defendants paid Plaintiff Varela's wages in cash.

54.     From approximately April 2012 until on or about April 2013, defendants paid Plaintiff Varela a fixed salary of $325 per week.

55.     From approximately April 2013 until on or about December 2014, defendants paid Plaintiff Varela a fixed salary of $340 per week.

56.     From approximately December 2014 until on or about October 2016, defendants paid Plaintiff Varela a fixed salary of $360 per week.

57.    From approximately October 2016 until on or about May 2017, defendants paid Plaintiff Varela a fixed salary of $380 per week.

58.    Plaintiff Varela's wages never varied regardless of how many additional hours he worked in a week.

59.    In fact, throughout his entire employment, Defendants required Plaintiff Varela to start working 30 minutes prior to his scheduled start time and to continue working an additional 20 minutes past his scheduled departure time every day, without paying him any additional compensation.

60.    Defendants never granted Plaintiff Varela a meal break or rest period of any length.

61.    Plaintiff Varela was never notified by Defendants that his tips were being included as an offset for wages.

62.    Defendants never accounted for these tips in any daily, weekly or other accounting of Plaintiff Varela's wages.

63.    Prior to December 2014, Plaintiff Varela was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

64.    From approximately December 2014 until on or about May 2017, Defendants required Plaintiff Varela to sign a sheet of paper and a notebook with false information about his pay in order to get paid; Plaintiff Varela complained to the owner about this and the owner told him to leave the job if he did not want to sign the false document.

65.    Defendants never provided Plaintiff Varela with an accurate statement of wages

with each payment of wages, as required by NYLL 195(3).

66.     Defendants never provided Plaintiff Varela with a written notice, in English and in Spanish (Plaintiff Varela's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Varela regarding overtime and wages under the FLSA and NYLL.

68.     Defendants required Plaintiff Varela to purchase "tools of the trade" with his own funds—including three bicycles, a motorized bicycle, bicycle maintenance, a uniform and a vest.

*Defendants' General Employment Practices*

69.     Defendants regularly required their employees, including Plaintiff Varela, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

70.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Varela (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

71.     Defendants never informed their employees, including Plaintiff Varela, that they reduced their hourly wages by a tip allowance.

72.     Defendants habitually required their employees, including Plaintiff Varela, to work additional hours beyond their regular shifts, but never provided them with any additional compensation.

73.     Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Varela, never receiving payment for all their hours worked, which resulted in their effective rate of pay falling below the required minimum and overtime wage rate.

74.     Defendants required all delivery workers, including Plaintiff Varela, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

75.     Plaintiff Varela, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

76.     Plaintiff Varela and all other delivery workers were never paid at the required lower tip-credit rate by Defendants.

77.     However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Varela's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146). New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he was assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     The delivery workers', including Plaintiff Varela's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

79.    In violation of federal and state law as codified above, Defendants classified Plaintiff Varela and other delivery workers as tipped employees, but never paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

80.    Defendants paid Plaintiff Varela's wages in cash.

81.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

82.    In fact, Defendants required Plaintiff Varela to sign false documents in order to receive his pay each week.

83.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Varela, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Varela's, relative lack of sophistication in wage and hour laws.

84.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Varela (and similarly situated individuals) worked, and to avoid paying Plaintiff Varela properly for (1) his full hours worked, (2) the minimum wage, (3) his spread of hours pay and (4) for overtime due.

85.    Defendants failed to provide Plaintiff Varela and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

14

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendants failed to provide Plaintiff Varela and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.     Plaintiff Varela brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

88.     At all relevant times, Plaintiff Varela, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions,

and were subject to Defendants' common practices, policies, programs, procedures, protocols

and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay

at one and one-half times his regular rates for work in excess of forty (40) hours per workweek

under the FLSA and willfully failing to keep records required by the FLSA.

89.     The claims of Plaintiff Varela stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

90.     Plaintiff Varela repeats and realleges all paragraphs above as though fully set

forth herein.

91.     At all times relevant to this action, Defendants were Plaintiff Varela's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Varela

(and the FLSA class members), controlled the terms and conditions of their employment, and

determined the rate and method of any compensation in exchange for their employment.

92.     At all times relevant to this action, Defendants engaged in commerce or in an

industry or activity affecting commerce.

93.     Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act. 29 U.S.C. § 203 (r-s).

94.     Defendants failed to pay Plaintiff Varela (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.     Defendants' failure to pay Plaintiff Varela (and the FLSA Class members) at the

applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff Varela (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

97.     Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiff Varela's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Varela (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

99.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

100.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

101.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Varela (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

102.     Defendants' failure to pay Plaintiff Varela (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.      Plaintiff Varela (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

104.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Varela's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Varela (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

106.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Varela (and the FLSA Class members) less than the minimum wage.

107.    Defendants' failure to pay Plaintiff Varela (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Varela (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK STATE LABOR LAW

109.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Varela   overtime

18

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

111.    Defendants' failure to pay Plaintiff Varela overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Varela (and the FLSA class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMISSIONER OF LABOR**

113.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiff Varela one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Varela's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

115.    Defendants' failure to pay Plaintiff Varela an additional hour's pay for each day Plaintiff Varela's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

116.    Plaintiff Varela was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

117.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiff Varela with a written notice, in English and in Spanish (Plaintiff Varela's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Varela in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

120.    Plaintiff Varela repeats and realleges all paragraphs above as though set forth fully herein.

121.    Defendants did not provide Plaintiff Varela with a statement of wages with each payment of wages, as required by NYLL 195(3).

122.    Defendants are liable to Plaintiff Varela in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

123.    Plaintiff Varela repeats and realleges all paragraphs above as though set forth fully herein.

124.    Defendants required Plaintiff Varela to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiff Varela was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Varela respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Varela and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Varela and the FLSA class members;

(d)    Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Varela and the FLSA class members;

(e)    Awarding Plaintiff Varela and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)    Awarding Plaintiff Varela and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

21

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Varela and the members of the FLSA Class

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Varela and the members of the FLSA Class;

(i)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Varela and the members of the FLSA Class;

(j)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Varela and the FLSA Class members;

(k)      Awarding Plaintiff Varela and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(l)      Awarding Plaintiff Varela damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiff Varela and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)      Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Varela and the FLSA class members;

(o)      Awarding Plaintiff Varela and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Varela and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Varela demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       August 1, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

23