# CSM Legal, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165  　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
ramsha@csm-legal.com

March 11, 2022

**VIA ECF**

Magistrate Judge Debra Freeman
Daniel Patrick Moynihan
United States District Court
500 Pearl Street
New York, NY  10007

　　　　　　Re:　Varela-Itzmoyotl v. 94 Corner Café Corp. et al.
　　　　　　　　　Index. No.: 17-cv-07620 and 20-cv-03896

Your Honor:

　　　　This office represents Plaintiff in the above captioned matter. This letter is written pursuant to Your Honor's Order (ECF Docket No. 81) requesting: 1) a modification of the settlement agreement; 2) a fuller explanation as to why the settlement is fair and reasonable; and 3) a declaration from the translator confirming that a true and correct Spanish translation of the Settlement Agreement was provided to Plaintiff prior to his execution. At this time, Plaintiff re-executed the revised settlement agreement which was translated to Spanish prior to his execution. A copy of the Agreement is attached hereto as "Exhibit A" and a declaration from the Spanish translator is attached hereto as "Exhibit B". The *pro se* Defendants, however, have not signed the revised settlement agreement despite multiple attempts to contact them and explain Your Honor's Orders, including the fact that no further extensions without good cause shown would be granted.

**Contact with Pro Se Defendants**

　　　　On or about March 3, 2022 at approximately 10:19 A.M. Plaintiff's Counsel called and spoke to Defendant Sukhjinderr Singh regarding Your Honor's January 24, 2022 Order. On this phone call, Defendant Sukhjinderr Singh stated that he understood the previously signed settlement agreement had to be modified and re-executed to reflect this office's new name and ownership. Defendant Sukhjinderr Singh provided Plaintiff's counsel his email address and stated he would re-execute the settlement agreement upon receipt. Following this phone call, on or about March 3, 2022 at approximately 10:33 A.M. Plaintiff's counsel emailed Defendant Sukhjinderr Singh the revised settlement to be re-executed. On or about March 7, 2022, Plaintiff's Counsel followed up and re-sent the revised settlement agreement to Defendant Sukhjinderr Singh via email.

　　　　On or about March 8, 2022, at approximately 12:44 P.M. Plaintiff's Counsel called and spoke to Defendant Sukhjinderr Singh about the status of the re-executed settlement agreement. On this phone call, Defendant Sukhjinderr Singh, confirmed that he received the revised settlement agreement but that he is unable to sign the agreement because his partner, Defendant Mohinder Singh, is out of the country and that he is unable to sign any legal documents without his partner, Defendant Mohinder Singh. On this phone call, Plaintiff's Counsel reiterated Your Honor's March

11, 2022 deadline. In response, Defendant Sukhjinderr Singh stated that he never received a notification from the Court regarding a revised settlement agreement, despite having talked about the order with Plaintiff's Counsel on March 3, 2022. Plaintiff's Counsel immediately emailed Defendant Sukhjinderr Singh a copy of Your Honor's January 24, 2022 Order.

On the same day, on or about March 8, 2022, this office contacted Defendants via First Class Mail explaining Your Honor's Orders and enclosing copies of Your Honor's Orders and the revised Settlement Agreement. The same letter and enclosures were emailed to the email address provided by Defendant Sukhjinderr Singh. The letters are attached hereto as Exhibit C.

On or about March 10, 2022, at approximately 12:29 P.M. Plaintiff's Counsel called Defendant 94 Corner Café Corp. (d/b/a 94 Corner Café) and spoke with Defendants' employee Yasmeen. Yasmeen stated that neither Defendant Sukhjinderr Singh or Defendant Mohinder Singh were available to speak. Plaintiff's Counsel left a message with Yasmeen and advised her that the call was regarding a lawsuit with a deadline for March 11, 2022. Plaintiff's Counsel further advised Yasmeen that this office mailed Defendant Sukhjinderr Singh and Defendant Mohinder Singh a Settlement Agreement via First Class Mail and that Plaintiff's Counsel was going to email Defendant Sukhjinderr Singh another revised Settlement Agreement for the Defendants' signatures.

Finally, on the same day at approximately 12:56 P.M. Defendant Sukhjinderr Singh called Plaintiff's Counsel and stated that Defendants would sign the revised settlement agreement, but, needed an extra week or two to do so. Plaintiff's Counsel reiterated Your Honor's Order and advised that while Plaintiff would consent to an extension, Defendants should call Your Honor's Chambers and personally request the extension as well. Plaintiff's Counsel provided Defendant Sukhjinderr Singh with the phone number to Your Honor's Chambers and advised that Plaintiff's Counsel would still file the instant letter and supporting documents. As of the time of this writing, Plaintiff's Counsel is under the impression that Defendants have not requested this extension. While Plaintiff's Counsel understands the Court will not grant further extensions without good cause, Defendants represented they need an additional two weeks to sign the agreement. Plaintiff does not object to this request.

**The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $9,000.00 to Plaintiff to settle all his claims as alleged in the Complaint. Of the settlement amount $5,601.87 will go to the Plaintiff. In accordance with his retainer agreement, Plaintiff's counsel will receive $3,398.13 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation as well as a reduction in fees. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

Plaintiff alleges that he is entitled to back wages of approximately $100,947.00 from Defendants. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $249,183.35. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit D." While Plaintiff feels his case is strong, this litigation has been pending for nearly five years and Plaintiff understands that central issues are disputed. In light of the difficulties contacting Defendants as explained above, Plaintiff understands that should he continue to litigate his claims against the *pro se* Defendants, there is no guarantee he would recover what he believes he is owed. Moreover, largely as a result of the COVID-19 pandemic, Defendants have limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full. Considering these risks, and the inherent risks, burdens, and expenses of litigation, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

Plaintiff's attorneys' fees are also fair and reasonable. Under the settlement, and in accordance with his retainer agreement, Plaintiff's counsel will receive $3,398.13 from the settlement fund. Plaintiff's counsel's lodestar in this case is $1,967.50 and Plaintiff's costs are $639.00. A copy of Plaintiff's billing record is attached as "Exhibit E". The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Plaintiff thanks the Court for its attention to this matter.

                                            Respectfully Submitted,

                                            /s/ Ramsha Ansari
                                            Ramsha Ansari, Esq.

cc:    All Counsel (Via ECF)

        94 Corner Café Corp. (d/b/a 94 Corner Café Corp)
        Via Email: desimunda446@gmail.com

        Sukhjinder Singh
        Via Email: desimunda446@gmail.com

        Mohinder Singh
        Via Email: desimunda446@gmail.com