**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE MARIANO VARELA-ITZMOYOTL, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>     -against-<br><br>94 CORNER CAFE CORP. (d/b/a 94 CORNER CAFE), MOHINDER SINGH, and SUKHJINDER SINGH,<br><br>      *Defendants.* | **17-cv-07620 and 20-cv-03896**<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

   This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Jose Mariano Varela-Itzmoyotl ("Plaintiff Varela-Itzmoyotl") on the one hand, 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe), ("Defendant Corporation"), Mohinder Singh and Sukhjinder Singh, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

   WHEREAS, Plaintiff Varela-Itzmoyotl alleges that he worked for Defendants as an employee; and

   WHEREAS, a dispute has arisen regarding Plaintiff Varela-Itzmoyotl's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-07620 and 20-cv-03896 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

   WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

   WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

   1. Payment: Defendants shall pay or cause to be paid to Plaintiff Varela-Itzmoyotl, subject to the terms and conditions of this Agreement, and as full,  complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Varela-Itzmoyotl may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Varela-Itzmoyotl, the gross sum of Nine Thousand Dollars and No Cents (**$9,000.00**) (the "Settlement Amount") to be paid to Plaintiff Varela-Itzmoyotl's attorneys in Two ("2") installments,

as follows:

    (a)    Installment One:

        (i)    A post-dated check in the amount of One Thousand One Hundred Thirty-Two Dollars and Seventy-One Cents ($1,132.71) made payable to "CSM Legal, P.C.", for immediate deposit by April 11, 2022, after court approval of the settlement agreement.

        (ii)    A post-dated check in the amount of One Thousand Eight Hundred Sixty-Seven Dollars and Twenty-Nine Cents ($1,867.29) made payable to " Jose Mariano Varela-Itzmoyotl", for immediate deposit by April 11, 2022 after court approval of the settlement agreement.

    (b)    Installment Two:

        (i)    A post-dated check in the amount of One Thousand One Hundred Thirty-Two Dollars and Seventy-One Cents ($1,132.71) made payable to "CSM Legal, P.C.", for immediate deposit by May 11, 2022, after court approval of the settlement agreement.

        (ii)    A post-dated check in the amount of One Thousand Eight Hundred Sixty-Seven Dollars and Twenty-Nine Cents ($1,867.29.) made payable to " Jose Mariano Varela-Itzmoyotl", for immediate deposit by May 11, 2022 after court approval of the settlement agreement.

    (c)    Installment Three:

        (i)    A post-dated check in the amount of One Thousand One Hundred Thirty-Two Dollars and Seventy-One Cents ($1,132.71) made payable to "CSM Legal, P.C.", for immediate deposit by June 11, 2022, after court approval of the settlement agreement.

        (ii)    A post-dated check in the amount of One Thousand Eight Hundred Sixty-Seven Dollars and Twenty-Nine Cents ($1,867.29.) made payable to " Jose Mariano Varela-Itzmoyotl", for immediate deposit by June 11, 2022 after court approval of the settlement agreement.

       Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of CSM Legal, P.C. to the attention of Ramsha Ansari, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.  Failure to deliver said checks shall constitute a default under the Agreement.

    (a).    Concurrently with the execution of this Agreement, Defendants 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe), Mohinder Singh, and, Sukhjinder Singh shall each execute and deliver to Varela-Itzmoyotl's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively.  The Parties hereby acknowledge and agree that the

Confessions of Judgments will be held in escrow by Plaintiff Varela-Itzmoyotl's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Varela-Itzmoyotl's counsel's escrow account, or Defendants fail to deliver the payments to Varela-Itzmoyotl's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail to 2518 Broadway, New York, NY 10025. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.      Release and Covenant Not To Sue:  Plaintiff Varela-Itzmoyotl hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Varela-Itzmoyotl at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Varela-Itzmoyotl from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Varela-Itzmoyotl that have occurred as of the Effective Date of this Agreement.

3.      No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.      Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Varela-Itzmoyotl and Defendants.

5.      Acknowledgments:    Plaintiff Varela-Itzmoyotl and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.      Notices:      Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff Varela-Itzmoyotl:

Catalina Sojo, Esq.
**CSM LEGAL, P.C.**
60 East 42nd St. Suite 4510

New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: catalina@csm-legal.com

To Defendants:

2518 Broadway
New York, NY 11021
Tel:
Fax:
Email:

7.      Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.      Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Varela-Itzmoyotl agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.      Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Catalina Sojo, Esq. of CSM Legal, P.C., Plaintiff Varela-Itzmoyotl acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiff Varela-Itzmoyotl confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.      Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF:</u>

By: _____     Date: _10-03-2022_
     JOSE MARIANO VARELA-ITZMOYOTL

<u>DEFENDANTS:</u>

By: _____     Date: _____
     94 CORNER CAFE CORP.

By: _____     Date: _____
     MOHINDER SINGH

By: _____     Date: _____
     SUKHJINDER SINGH

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

JOSE MARIANO VARELA-
ITZMOYOTL, *individually and on behalf*
*of others similarly situated,*

                Plaintiff,

          -against-

94 CORNER CAFE CORP. (d/b/a 94
CORNER CAFE), MOHINDER SINGH,
ALEJANDRO DOE, and BALWINDER
SINGH (a.k.a ROCKY),

          *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Index No.: **17-cv-07620 and 20-cv-03896**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK     )
                         : ss.:
COUNTY OF           )

1.     I reside in _____ County.

2.     I, _____, am the President 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe). I am duly authorized to make this affidavit of confession of judgment on behalf of 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe).

3.     94 Corner Cafe Corp. (d/b/a 94 Corner Cafe), maintains its principal place of business in New York County at 2518 Broadway, New York, NY 10025.

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Jose Mariano Varela-Itzmoyotl (each a "Plaintiff" and collectively, "Plaintiffs") and 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe), Mohinder Singh, and, Sukhjinder Singh (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe) in favor of Plaintiffs for the sum of Twenty-Seven Thousand Dollars and No Cents ($27,000.00), less any payments made under the Settlement Agreement.

5.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $27,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $9,000.00 plus liquidated damages of $18,000.

6.     This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $27,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe).

94 Corner Cafe Corp.

By: _____

Title: President

STATE OF _____ )

: ss.:

On _____, 2022, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of 94 Corner Cafe Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of 94 Corner Cafe Corp. and was authorized to do so.

_____

Notary Public

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – x

JOSE MARIANO VARELA-
ITZMOYOTL, *individually and on behalf
of others similarly situated,*

        Plaintiff,

      -against-

94 CORNER CAFE CORP. (d/b/a 94
CORNER CAFE), MOHINDER SINGH,
ALEJANDRO DOE, and BALWINDER
SINGH (a.k.a ROCKY),

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **17-cv-07620 and 20-cv-
03896**

**<u>AFFIDAVIT OF CONFESSION OF
JUDGMENT</u>**

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF           )

1.     I reside in _____ County.

2.     Pursuant to the terms of the Settlement Agreement and Release by and between Jose Mariano Varela-Itzmoyotl (each a "Plaintiff" and collectively, "Plaintiffs") 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe), Mohinder Singh, and, Sukhjinder Singh (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Varela-Itzmoyotl for the sum of Twenty-Seven Thousand Dollars and No Cents ($27,000.00), less any payments made under the Settlement Agreement.

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff Varela-Itzmoyotl under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $27,000.00 to Plaintiff Varela-Itzmoyotl.  The amount of this affidavit of confession of judgment represents the settlement amount of $9,000.00 plus liquidated damages of $18,000.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $27,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Mohinder Singh.

_____
Mohinder Singh

Sworn to before me this
_____ day of _____ 2022


_____
Notary Public

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

|  |  |
|---|---|
| JOSE MARIANO VARELA-ITZMOYOTL, *individually and on behalf of others similarly situated*, | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| -against- | : <br> : |
| 94 CORNER CAFE CORP. (d/b/a 94 CORNER CAFE), MOHINDER SINGH, ALEJANDRO DOE, and BALWINDER SINGH (a.k.a ROCKY), | : <br> : <br> : <br> : <br> : |
| *Defendants.* | : |

Index No.: **17-cv-07620 and 20-cv-03896**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )
                         : ss.:
COUNTY OF             )

1.     I reside in _____ County.

2.     Pursuant to the terms of the Settlement Agreement and Release by and between Jose Mariano Varela-Itzmoyotl (each a "Plaintiff" and collectively, "Plaintiffs") 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe), Mohinder Singh, and, Sukhjinder Singh (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Varela-Itzmoyotl for the sum of Twenty-Seven Thousand Dollars and No Cents ($27,000.00), less any payments made under the Settlement Agreement.

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff Varela-Itzmoyotl under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $27,000.00 to Plaintiff Varela-Itzmoyotl. The amount of this affidavit of confession of judgment represents the settlement amount of $9,000.00 plus liquidated damages of $18,000.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $27,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Sukhjinder Singh.

_____
Sukhjinder Singh

Sworn to before me this
_____ day of _____ 2022


_____
Notary Public