UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE MARIANO VARELA-ITZMOYOTL, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

94 CORNER CAFE CORP. (d/b/a 94 CORNER CAFE), *et al.*,

                Defendants.

17cv7620 (DF)

**ORDER OF DISMISSAL**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has also submitted a letter detailing why the Plaintiff believes the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 82.) This Court has reviewed Plaintiff's submission in order to determine whether the proposed agreement (Dkt. 83) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's letter, the terms of the proposed settlement agreement, and this Court's own familiarity with this matter, it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. The Court notes that this Order does not incorporate the terms of the parties' settlement agreement. Further, Plaintiff's letter to the Court does not request that the Court retain jurisdiction to enforce the agreement; the proposed settlement agreement does not itself refer to the Court's retention of jurisdiction; and, given that the agreement attaches defendants Mohinder Singh and Sukhjinder Singh's signed confessions of judgment (which the parties agree may be docketed and entered in the Supreme Court of the State of New York as judgments against these defendants, should they fail to make installment payments due under the agreement), it appears that it is not the intent of the parties to seek enforcement of the settlement agreement in this Court. Under these circumstances, the Court has made no independent determination to retain jurisdiction, and nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       March 31, 2022

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

<u>Copies to</u>:

All counsel (via ECF)